IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **PHILIP CHRISTOPHER WALL,** | : | **MOTION TO VACATE** |
| BOP Reg. # 66608-019, | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:16-CR-104-AT-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:17-CV-1638-AT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Movant, Philip Christopher Wall, filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in criminal action number 1:16-cr-104-AT-AJB-1. [Doc. 14.][1] The Government filed a response in opposition, [Doc. 19], and Movant filed a reply, [Doc. 22].

Movant also submitted a motion to stay, [Doc. 24], but he fails to give a valid reason to stay this case. Accordingly, the undersigned **ORDERS** that Movant's motion to stay, [Doc. 24], is **DENIED**.

For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion, [Doc. 14], be **DENIED**.

---

[1] Citations to the record in this Order and Final Report and Recommendation refer to case number 1:16-cr-104-AT-AJB-1.

AO 72A
(Rev.8/82)

I.      **28 U.S.C. § 2255 Standard**

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2]). The Court must conduct an evidentiary hearing unless "the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief.

## II.   Discussion

On March 22, 2016, Movant pleaded guilty to sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1). [Docs. 1, 3.] On June 3, 2016, the District Court filed the Judgment and Commitment, sentencing Movant to ten years of imprisonment, followed by eight years of supervised release. [Doc. 9.] Movant did not appeal. [Doc. 14 at 1.] Movant timely executed his § 2255 motion on May 1, 2017. [*Id.* at 12.] Movant claims that (1) his home was searched and he was interrogated unlawfully, (2) the prosecutor and probation officer made "incorrect statements" at sentencing, and (3) trial counsel provided ineffective assistance.

3

[*Id.* at 4-9; Doc. 14-1 at 1-5.]

### A. <u>Grounds One and Two</u>

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation

4

marks omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

In the present case, grounds one and two are procedurally defaulted because Movant failed to (1) raise them on direct appeal, or (2) either (a) show cause and actual prejudice, or (b) proof of actual innocence. Furthermore, even if Movant had overcome his defaults, grounds one and two would nevertheless fail because Movant's plea agreement contains a valid appeal waiver.

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). "[T]he government must show that either (1) the district court specifically questioned [Movant] concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that [Movant] otherwise understood the full significance of the waiver." *Id.* (quoting *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993)).

Movant's plea agreement contains the following appeal waiver:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, [Movant] voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255

>on any ground, except that [Movant] may file a direct appeal of a custodial sentence of greater than 120 months . . . .

[Doc. 3-1 at 9.] Movant signed the agreement, indicating that he had (1) read and understood its terms and conditions, and (2) consented to them. [*Id.* at 11-12.] The District Court specifically questioned Movant regarding the appeal waiver during the plea colloquy, and Movant indicated that he understood he was giving up his right to appeal as specified in the plea agreement. *See* Transcript, *United States v. Wall*, No. 1:15-cr-60-AT-RGV-1, at 48-49 (N.D. Ga. July 12, 2017).[3] Therefore, Movant's appeal waiver is valid.

Accordingly, Movant should be denied § 2255 relief as to grounds one and two.

### B.  Ground Three

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). In addition, the appeal waiver in Movant's plea agreement does not bar him from pursuing claims of ineffective assistance of counsel. [Doc. 3-1 at 9-10.]

In order to demonstrate ineffective assistance of counsel, a convicted defendant

---

[3] The transcript relating to the present case was filed on the docket of a previous case against Movant.

must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [pleading guilty] and going to trial." *Searcy v. Fla. Dep't of Corr.*, 485 Fed. Appx. 992, 997 (11th Cir. Aug. 9, 2012) (per curiam) (quoting *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)) (internal

7

quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of *Strickland* by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Connolly v. United States*, 568 Fed. Appx. 770, 770-71 (11th Cir. June 10, 2014) (same). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

Movant claims that trial counsel (1) failed to file a motion to suppress, (2) failed to challenge the interstate commerce element of his crime, and (3) was disloyal and failed to represent him zealously before he pleaded guilty. [Doc. 14-1 at 3-5.] Those claims are waived because they concerns counsel's assistance before Movant pleaded guilty. A criminal defendant who has pleaded guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The entry of a guilty plea "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir.

8

1992) (per curiam)).

Insofar as Movant claims that counsel's alleged ineffectiveness caused him to plead guilty involuntarily, Movant must satisfy *Strickland* and *Hill*. However, Movant indicated during the plea colloquy that he understood his rights, charge, and plea agreement. *See* Transcript, *United States v. Wall*, No. 1:15-cr-60-AT-RGV-1, at 21-51 (N.D. Ga. July 12, 2017). Because the Court must presume that Movant's statements under oath during the plea colloquy were true, he bears "a heavy burden" to show that those statements were actually false. *United States v. Garcia*, 322 Fed. Appx. 918, 919 (11th Cir. Apr. 13, 2009) (per curiam) (citing *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)); *see also Connolly*, 568 Fed. Appx. at 771 ("The Supreme Court has determined that a defendant's representations at a plea hearing 'constitute a formidable barrier in any subsequent collateral proceedings.' ") (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)); *see also United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (holding that defendant bears heavy burden to show that his statements under oath at plea colloquy were false).

Movant has not produced any evidence to meet his heavy burden. Therefore, Movant is not entitled to relief on his claims of ineffective assistance of counsel before he pleaded guilty. *See Patel v. United States*, 252 Fed. Appx. 970, 975 (11th Cir.

9

Nov. 1, 2007) (per curiam) (determining that movant's § 2255 allegations in direct conflict with statements during plea colloquy and unsupported by evidence did not establish involuntariness of plea).

Movant also claims that trial counsel provided ineffective assistance at sentencing, but Movant's claims lack specificity. [Doc. 14-1 at 4-5.] "Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)). As the Government correctly explains, trial counsel submitted a sentencing memorandum, as well as objections and other information concerning the presentence investigation report, in an effort to obtain the most favorable sentence for Movant. [Doc. 19 at 11-12, 14-16.] The District Court noted at sentencing that trial counsel was "a vigorous advocate" who provided "a lot of good lawyering" for Movant. [Doc. 17 at 32.] Movant fails to show that (1) trial counsel performed deficiently at sentencing, or (2) Movant was prejudiced.

Accordingly, Movant should be denied § 2255 relief as to ground three.

### III.   **Certificate of Appealability (COA)**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court

of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's motion to stay, [Doc. 24], is **DENIED**.

**IT IS RECOMMENDED** that the § 2255 motion, [Doc. 14], be **DENIED**, a COA be **DENIED**, and civil action number 1:17-cv-1638-AT-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  13th  day of February, 2019.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)